Rebekah C. Millard, OSB #121199
rmillard@freedomfoundation.com
James G. Abernathy, OSB #161867
jabernathy@freedomfoundation.com
Freedom Foundation
PO Box 552
Olympia, WA 98507
Tel: 360.956.3482
Fax: 360.352.1874

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **Margo Cash Schiewe**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 503**, a labor organization; **OREGON DEPARTMENT OF ADMINISTRATIVE SERVICES,** and **KATY COBA,** in her official capacity as Director of the Oregon Department of Administrative Services,<br><br>Defendants. | Case No. 3:20-cv-519<br><br>**COMPLAINT**<br><br>**Violation of Civil Rights under 42 U.S.C. § 1983, Common Law Fraud; Wage Claim**<br><br>**Demand for Jury Trial** |

**PAGE 1 – COMPLAINT**

## INTRODUCTION

1.       Plaintiff Margo Cash Schiewe's labor union collected union dues and a special political assessment out of her wages without her authorization for at least the past year and a half. When she inquired about these deductions, her union presented her with a falsified membership card.

2.       Ms. Cash Schiewe brings this civil rights action pursuant to 42 U.S.C. § 1983 to enforce her First Amendment right to be free of compelled speech and association, and her right to due process of law, and seeks declaratory and injunctive relief prohibiting Defendants' illegal and unconstitutional conduct in taking money out of her wages for union dues without her consent or authorization. Additionally, Ms. Cash Schiewe also brings an action for common law fraud against SEIU 503. Ms. Cash Schiewe also brings an action under ORS 652.615 for wages wrongfully deducted. She seeks compensatory damages, refund or restitution of all unlawfully seized money, nominal damages for the violation of her First Amendment rights, punitive damages for the intentional fraud, reasonable attorneys' fees, and any other relief the Court deems just and proper.

## JURISDICTION AND VENUE

3.       This action arises under the Federal Civil Rights Act of 1871, 42 U.S.C. § 1983, to redress the deprivation, under color of state law, of rights, privileges, and immunities secured to Plaintiff by the Constitution of the United States, particularly the First Amendment as incorporated against the States by the Fourteenth Amendment.

4.       This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343. This Court has supplemental jurisdiction over state law claims presented in this matter pursuant to 28 U.S.C. § 1367, because the claims are related to the federal constitutional claims in

this action such that they do not raise novel or complex issues of state law and do not substantially predominate over the federal claims. There are, further, no exceptional circumstances compelling this Court to decline to hear the state law claims.

5.    This action is an actual controversy in which Plaintiff seeks a declaration of her rights under the Constitution of the United States. Pursuant to 28 U.S.C. §§ 2201-2202, this Court may declare the rights of Plaintiff and grant further necessary and proper relief based thereon.

6.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the claims arise in this judicial district and Defendants operate and do business in this judicial district.

7.    Because a substantial part of the events giving rise to these claims occurred in counties covered by the Portland Division, assignment to that Division is proper under L.R. 3-2.

## PARTIES

8.    Plaintiff Cash Schiewe is a public employee who lives in Clackamas County, Oregon, and who works for Oregon Department of Consumer and Business Services. Ms. Cash Schiewe is in a bargaining unit represented by SEIU 503.

9.    The Oregon Department of Administrative Services ("the Department") whose address is at 155 Cottage St NE # U90, Salem, OR 97301, is the state agency charged with payment of state employees' wages, including Ms. Cash Schiewe's wages. Defendant Katy Coba ("Coba") is director of the Oregon Department of Administrative Services and is sued in her official capacity.

10.   Defendant SEIU 503, whose headquarters is located at 1730 Commercial St. SE, Salem, OR 97302 is a statewide labor union and the exclusive representative of Plaintiff's designated bargaining unit. SEIU 503 and the Department are parties to a Collective Bargaining Agreement ("CBA") containing a negotiated for and agreed to provision requiring the State to

FREEDOM FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

deduct dues from Plaintiff's wages.

## FACTUAL ALLEGATIONS

11. Ms. Cash Schiewe has chosen not to be a union member, and from approximately 2014 until June of 2018, she was forced to pay fair-share fees in lieu of membership dues and received reimbursements for nonchargeable expenses.

12. After mandatory fair-share fee deductions ended (following the *Janus* decision), Ms. Cash Schiewe called SEIU 503 to ask about the status of her union membership and fee payments, specifically if she was still entitled to reimbursement checks. The union representative with whom Ms. Cash Schiewe spoke told her that due to the United States Supreme Court Decision, she was now required to be a member of the union. Ms. Cash Schiewe questioned this statement, but the union representative was adamant that she had to join the union. Plaintiff called SEIU 503 again at later time and was told the same thing: she was no longer entitled to be a union non-member, but that she now had to join the union.

13. At various times, Plaintiff received emails from SEIU 503 telling her that she needed to "join or confirm" her union membership in order to vote on the union contract. The email included a link to "confirm" her status. Plaintiff recalls she may have visited SEIU 503's website after this email, but she does not recall at any time entering her name for purposes of an electronic signature to join the union.

14. According to information and belief, on or near August 25, 2019, union dues began being withdrawn from Plaintiff's salary without her knowledge or consent.

15. Because she had been informed that it was mandatory, Ms. Cash Schiewe, did not immediately question the deduction of union dues from her paychecks.

16. Plaintiff objected to union membership on November 5, 2019 by writing SEIU 503.

SEIU 503 informed Ms. Cash Schiewe that they had a membership form signed by her, under the terms of which she would be forced to continue to pay union dues until August 2020.

17.     SEIU 503 included a copy of the purported "membership application" which included Ms. Cash Schiewe's name and address, but did not include a signature or other mark on the signature line. SEIU 503 added a one-page print-out of data that purported to provide evidence of Ms. Cash Schiewe's electronic signature.

18.     The data print-out does not contain sufficient information to authenticate the membership form.

19.     Plaintiff did not sign this agreement, and informed SEIU 503 of this fact. Nonetheless, at SEIU 503's direction, the Oregon Department of Administrative Services continued to withhold union dues from Ms. Cash Schiewe's wages and forwarded this money to SEIU 503.

20.     Concerned that SEIU 503 was falsely claiming she digitally signed the membership application, Ms. Cash Schiewe's sought legal advice. Her counsel sent SEIU 503 a letter requesting an explanation and asking for refund of the money wrongfully taken from Ms. Cash Schiewe.

21.     More than two weeks later, SEIU 503 responded through their counsel stating that Ms. Cash Schiewe rescinded her resignation of membership.

22.     Ms. Cash Schiewe did not rescind her resignation of membership.

23.     Ms. Cash Schiewe has not given consent to pay union dues and has not waived her First Amendment right to be free from supporting union political speech.

24.     According to information and belief, SEIU 503 has sole control over union membership information, and the Department depends entirely on representations made by SEIU 503 with regard to union membership and dues authorization.

25. In addition to union dues and fees, Defendants have deducted the monthly sum of $2.75 from Ms. Cash Schiewe's paychecks designated "SEIU ISSUES."

26. According to information and belief, "SEIU ISSUES" is a political assessment that is designated expressly for the political purpose of promoting and defending public issue campaigns and ballot measures.

27. Ms. Cash Schiewe never gave her permission for SEIU 503 to take this money or to use it for political purposes, and SEIU 503 never provided Ms. Cash Schiewe with an explanation or accounting for its use of her money for political purposes.

## CAUSES OF ACTION

28. Defendants' actions violate Plaintiff's First Amendment rights, as secured against state infringement by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

29. Defendants' actions in deducting and collecting union dues and assessments have caused Ms. Cash Schiewe to suffer the irreparable harm and injury inherent in a violation of First Amendment rights, for which there is no adequate remedy at law.

30. Defendant SEIU 503's action in taking Ms. Cash Schiewe's money without her consent and pursuant to a forged membership agreement have caused Ms. Cash Schiewe to suffer loss of income, emotional distress, and other damages.

### COUNT I
### Violation of the First Amendment (42 U.S.C. § 1983)
### (By Plaintiff Against all Defendants)

31. Plaintiff re-alleges and incorporates by reference the paragraphs set forth above.

32. Defendants acted under color of state law, ORS 243.776 and ORS 292.055(3), and the Collective Bargaining Agreement between SEIU 503 and the Department in the deducting union dues and assessments from Plaintiff's paychecks and in remitting that money to SEIU 503

without her knowing, voluntary and intelligent consent.

33. Defendants' dues and assessments violate Ms. Cash Schiewe's First Amendment rights, as secured against state infringement by the Fourteenth Amendment and 42 U.S.C. § 1983: (a) not to associate with a mandatory representative; (b) not to support, financially or otherwise, petitioning and speech; and (c) against compelled speech, because Defendants' dues and assessment extraction was made without Ms. Cash Schiewe's consent.

34. No compelling state interest justifies this infringement of Plaintiff's First Amendment rights.

35. The dues and assessment extraction scheme is significantly broader than necessary to serve any possible alleged government interest.

36. The dues and assessment extraction scheme is not carefully or narrowly tailored to minimize the infringement of free speech rights.

37. Plaintiff suffers the irreparable injury and harm inherent in a violation of First Amendment rights, for which there is no adequate remedy at law, as a result of being subjected to Defendants' dues and assessment deduction scheme.

### COUNT II
### Violation of Due Process under the Fourteenth Amendment (42 U.S.C. § 1983)
### (By Plaintiff Against all Defendants)

38. Ms. Cash Schiewe re-alleges and incorporates by reference the paragraphs set forth above.

39. As a public employee, Ms. Cash Schiewe, has a property interest in the wages she has earned. She also has a liberty interest protected by the First Amendment to not have her wages diverted to union coffers absent her consent.

40. The Department, as Ms. Cash Schiewe's employer and as an arm of the State, has

a duty to implement and abide by adequate procedural safeguards to protect employees' rights; and SEIU 503, the union directing the Department to withdraw dues and political assessments from Plaintiff's wages, has a duty to implement and abide by adequate procedural safeguards to protect employees' rights.

41. Defendants engaged in a pattern and practice of indifference towards Ms. Cash Schiewe's First Amendment right to be free from forced payment of union dues and political assessments: (a) the Department failed to implement any process for verification or confirmation of union membership, relying entirely on unsubstantiated claims by SEIU 503, a financially interested party; (b) SEIU 503 failed to adequately train, vet, monitor, or otherwise instruct union personnel in such a manner as to avoid violating First Amendment rights, and in fact created an environment likely to lead to violation of such rights.

42. Defendants' actions led to a false assertion of Ms. Cash Schiewe's consent to dues deduction and subsequent violation of her rights by the wrongful withdrawal of dues and political assessments from Ms. Cash Schiewe's wages without her consent.

43. Defendants caused further harm to Ms. Cash Schiewe by failing to promptly and timely remedy the violation by stopping all dues and assessment withdrawals and restoring Ms. Cash Schiewe's lawfully earned wages.

44. Defendants, acting under color of law, knowingly, recklessly, or because of callous indifference, deprived Ms. Cash Schiewe of her First Amendment right to be free from supporting a union with which she has fundamental and profound disagreements.

## COUNT III
### Common Law Fraud
### (By Plaintiff Against Defendant SEIU 503)

45. SEIU 503, by and through its agents or representatives, made a false and material

misrepresentation of fact resulting in loss to Ms. Cash Schiewe.

46. Because Ms. Cash Schiewe never signed a union membership card, she is not and has never been a member of SEIU 503.

47. This misrepresentation was of a material fact (union membership) and resulted directly in the Department collecting money from Ms. Cash Schiewe's paychecks and transferring it to SEIU 503 to the loss and detriment of Ms. Cash Schiewe.

48. Ms. Cash Schiewe had no knowledge her rights with regard to union membership or non-membership at the time these deductions began, and actually and reasonably relied on the Defendants' actions in treating her as a union member and deducting dues from her paychecks.

49. According to information and belief, the Department put SEIU 503 in complete control over the process of union membership. The Union had access to information regarding union membership, and knowledge of who had, and who had not, signed union membership cards.

50. Intentionally, or with reckless disregard for its truth or falsity, SEIU 503 propounded a union membership card with false data purporting to be an electronic signature, claiming it was signed by Ms. Cash Schiewe.

51. SEIU 503 continued to propound the false claim that Ms. Cash Schiewe had agreed to membership, even when presented with evidence of its falsity.

52. In falsely claiming that Ms. Cash Schiewe was a union member and had authorized a membership card, SEIU 503 intended that the State take Ms. Cash Schiewe's money and transfer it to SEIU 503, which in fact occurred.

53. SEIU 503's actions actually and proximately caused Ms. Cash Schiewe to suffer both significant financial loss and significant emotional distress.

FREEDOM FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

## COUNT IV
## Violation of Or. Rev. Stat. § 652.615
## (By Plaintiff Against the Department and Coba)

54. Katy Coba in her official capacity, by and through her agents, deducted a portion of Ms. Cash Schiewe's wages in violation of ORS § 652.610.

55. As an employee of the Oregon Department of Consumer and Business Services, Ms. Cash Schiewe was entitled to wages for her labor that are paid by the Oregon Department of Administrative Services ("DAS").

56. Ever since her employment started with Oregon Department of Consumer and Business Services, fees and assessments have been deducted from each of Ms. Cash Schiewe's paychecks. These deductions were collected for the purpose of membership fees, assessments and/or dues and have been paid to SEIU 503.

57. Because Ms. Cash Schiewe has never signed a union membership card, she is not and has never been a member of SEIU 503. Because of this, the deductions were not authorized by the collective bargaining agreement between SEIU 503 and DAS pursuant to ORS § 652.610 (3)(b) or (c).

58. These deductions were never authorized by Ms. Cash Schiewe, but resulted directly in the Department of Administrative Services deducting money from Ms. Cash Schiewe's paychecks and transferring it to SEIU 503 to the loss and detriment of Ms. Cash Schiewe.

59. Even upon request that dues deductions cease, Coba continued to deduct union membership dues from Ms. Cash Schiewe's wages.

60. Coba's actions actually and proximately caused Ms. Cash Schiewe to suffer both significant financial loss and significant emotional distress.

## PRAYER FOR RELIEF

Wherefore, Plaintiff requests that this Court:

A.     Issue a declaratory judgment that Defendants' actions in taking Plaintiff's money without her valid authorization violate the First Amendment, as secured against state infringement by the Fourteenth Amendment and 42 U.S.C. § 1983.

B.     Issue a declaratory judgment that the Department's deduction of monies from Plaintiff's wages without clear and compelling evidence that she waived her First Amendment rights is illegal and unconstitutional.

C.     Permanently enjoin Defendants along with their officers, agents, servants, employees, attorneys, and any other person or entity in active concert or participation with them, from maintaining and enforcing any of the policies, provisions, or actions declared unconstitutional or illegal including the deduction of union dues or fees from Plaintiff's wages without her consent, and without adequate procedural safeguards to protect Plaintiff's right to due process of law;

D.     Enter a judgment against SEIU 503 awarding Plaintiff nominal and compensatory damages for violation of her constitutional rights, including but not limited to all dues, fees or other assessments taken from Plaintiff's wages, to the extent permitted by the relevant statute of limitations, together with any interest accumulated on such sum;

E.     Award Plaintiff punitive damages against SEIU 503 for the fraudulent acts of SEIU 503;

F.     Award Plaintiff actual damages or $200, whichever is greater, against the Department due for wrongfully deducted wages pursuant to ORS § 652.615.

F.     Award Plaintiff her costs and reasonable attorneys' fees pursuant to the Civil Rights

FREEDOM FOUNDATION

P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

Attorneys' Fees Award Act of 1976, 42 U.S.C. § 1988 and ORS § 652.615; and

    G.    Grant other and additional relief as the Court may deem just and proper.

Date: March 30, 2020

By: *s/ Rebekah Millard*
Rebekah Millard, OSB #121199
rmillard@freedomfoundation.com
James Abernathy, OSB #161867
jabernathy@freedomfoundation.com

*Attorneys for Plaintiff*